13-3178-ag
*Ramnarine v. Holder*
BIA
Vomacka, IJ
A087 646 779

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT:

    ROBERT D. SACK,
    DEBRA ANN LIVINGSTON,
    RAYMOND J. LOHIER, JR.,

                    *Circuit Judges.*

_____

CHANDRA DEVI RAMNARINE,

                    *Petitioner,*

    -v.-                             No. 13-3178-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                    *Respondent.*

_____

                       AMY NUSSBAUM GELL, Gell & Gell, New York, NY, *for Petitioner.*

SURELL BRADY, Trial Attorney (STUART F. DELERY, Assistant Attorney General, Civil Division, CINDY FERRIER, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent.*

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** for lack of jurisdiction**.**

Petitioner Chandra Devi Ramnarine, a native and citizen of Guyana, seeks review of a July 30, 2013 order of the BIA, affirming the November 14, 2011 decision of an Immigration Judge ("IJ"), which denied her motion to continue and her application for cancellation of removal. *In re Chandra Devi Ramnarine*, No. A087 646 779 (B.I.A. July 30, 2013), *aff'g* No. A087 646 779 (Immig. Ct. N.Y. City Nov. 14, 2011). Under the circumstances of this case, where the BIA "adopts the decision of the IJ and merely supplements the IJ's decision," we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

We lack jurisdiction to consider Ramnarine's challenge to the denial of her motion for a continuance because she has failed to exhaust her administrative remedies. *See* 8 U.S.C. § 1252(d)(1). As the BIA observed, Ramnarine did not challenge the denial of the continuance on appeal or explain her failure to notify the IJ that her daughter, Marissa, had become a lawful permanent resident in the United States. Failure to "make any argument" in support of a continuance "or to identify, even by implication, any error in the IJ's ruling" bars our consideration of the request for relief. *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

2

We also lack jurisdiction to review the agency's denial of Ramnarine's application for cancellation of removal. Section 1229b(b)(1) of Title 8 grants the Attorney General discretionary authority to cancel removal of an alien who (1) "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application," (2) "has been a person of good moral character during such period," (3) has not been convicted of an enumerated criminal offense, and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1)(A)-(D); *Sumbundu v. Holder*, 602 F.3d 47, 49-50 (2d Cir. 2010). The BIA affirmed the IJ's decision to deny Ramnarine's application for cancellation of removal after deciding that she had failed to establish that removal would result in an "exceptional and extremely unusual hardship" to a family member. C.A.R. 3-5. Since this is a discretionary decision, this Court's jurisdiction to review the agency's determination is limited to entertaining "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-40 (2d Cir. 2008).

Ramnarine's arguments that the agency applied an incorrect legal standard and failed to consider or seriously mischaracterized evidence do not raise a "colorable question of law that we have jurisdiction to review." *Barco-Sandoval*, 516 F.3d at 40 (internal quotation marks omitted). Because showing an "exceptional and extremely unusual hardship" is a prerequisite to cancellation, the BIA was not required to consider alternative bases for denial. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). On the hardship issue, the IJ and BIA did not overlook or seriously mischaracterize the evidence. *See Mendez v. Holder*, 566 F.3d 316, 322-23 (2d Cir. 2009) (per curiam). Contrary to Ramnarine's arguments, the agency fully considered the evidence about the alleged hardship for

each of her children. For Marissa, the agency assumed that she was a "qualifying relative," but determined that the lack of documentation about her alleged medical problems and her extended stay in Guyana meant that there was no basis for finding that she faced an exceptional hardship. C.A.R. 3-4 (BIA decision); C.A.R. 32, 41 (IJ decision). The agency also considered all of the evidence in the record about Rachel's "reactive airway disease" and her use of a nebulizer, ultimately deciding that the lack of a prognosis or detailed information about her condition prevented a hardship finding. C.A.R. 4 (BIA decision); C.A.R. 36-37 (IJ decision). Both of these hardship decisions involved direct discussion about the conditions in Guyana. C.A.R. 36-40. Ramnarine's remaining argument that the agency applied an incorrect legal standard to determine hardship merely takes issue with the agency's weighing of the evidence. Review of that discretionary determination is beyond the scope of our jurisdiction.

We have reviewed the petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk